UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

YOLANDA BROWN                                                                    PLAINTIFF

v.                                                        CIVIL ACTION NO. 3:20-CV-75-KHJ-JCG

KILOLO KIJAKAZI, Acting
Commissioner of Social Security                                                  DEFENDANT

ORDER

Before the Court is the Report and Recommendation ("Report") of United States Magistrate Judge John C. Gargiulo. [20]. For the reasons stated, the Court overrules the Report, grants Plaintiff Yolanda Brown's Motion for Summary Judgment [13], and denies Defendant's Motion to Affirm [16]. The Commissioner's final decision is reversed, and this case is remanded to the Social Security Administration for a new hearing.

I.     Facts and Procedural History

Yolanda Brown applied for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act, alleging a disability beginning May 1, 2017. [20] at 1. The Social Security Administration denied Brown's claims, and Brown requested a hearing before an administrative law judge ("ALJ"). Administrative Record [12] at 144. The ALJ held a hearing on January 10, 2019, where Brown and a vocational expert testified. *Id.* at 30–48. Relevant here, problems arose in transcribing most of the vocational expert's testimony, and the ALJ questioned the expert off-record. [12] at 48.

After the hearing, the ALJ denied Brown's claims. In applying the five sequential steps found in 20 C.F.R. §§ 404.1520; 416.920, he found Brown did not have a disability as defined by the Social Security Act. [12] at 10–22. In evaluating record evidence, the ALJ relied on the vocational expert's unrecorded testimony. On step five of the analysis, the ALJ found Brown had residual functional capacity ("RFC") to perform "light, unskilled representative occupations" such as a routing clerk, housekeeper, or order caller *Id*. at 15–22. Following the Appeals Council review denial, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). *Id*. at 1.

Brown appealed to this Court and moved for summary judgment, arguing in part that the Court cannot determine whether substantial evidence supports the ALJ's decision because the record is missing transcript testimony from the vocational expert. [13]; Memorandum in Support of Summary Judgment [14]. In his Report, the Magistrate Judge found, despite the partially incomplete record, substantial evidence existed to support the ALJ's conclusion at step 5, the record's absence did not prejudice Brown, and there was no legal error. [20]. The Magistrate Judge recommends that this Court enter Final Judgment for the Commissioner and dismiss Brown's appeal with prejudice.

The Magistrate Judge notified parties that their written objections to this Report were due by August 19, 2021, and that failure to file written objections by that date would bar further appeal in accordance with 28 U.S.C. § 636. Brown

timely filed her Objections, objecting to the Magistrate Judge's conclusions on the incomplete record, among other things. [21].

II.  Standard

The Court reviews de novo the portions of the Report to which Brown objects, 28 U.S.C. § 636(b)(1), while the remaining portions are subject to a "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). The Court, however, is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (citing *Nettles v. Wainwright*, 677 F.2d 404, 406-07 (5th Cir. Unit B 1982)).

III.  Analysis—Missing Transcript

Brown contends that the Magistrate Judge erred in concluding that substantial evidence existed on the record despite there being an incomplete transcript and that the missing transcript did not prejudice her or amount to a due process violation. Particularly, she argues the failure to preserve a complete transcript of the vocational expert's testimony (1) alone signifies that substantial evidence does not exist on the record to support the ALJ's conclusions, and (2) denies her due process by preventing her from proving prejudice and preventing the Court from conducting judicial review.

Without considering the constitutional due process argument, the Court finds that the record is inadequate to support the ALJ's determination at step 5. Under Title II of the Social Security Act, the Commissioner "shall file a certified copy of the

transcript of record, including the evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g). "The findings of the [Commissioner] as to any fact, *if supported by substantial evidence*, shall be conclusive . . . ." *Id.* (emphasis added). When there are deficiencies in the ALJ's record, the Court must determine "whether the deficiencies prohibit meaningful judicial review." *Bates v. Astrue* No. 2:05-CV-0269, 2008 WL 4367287, at *2 (N.D. Tex. Sept. 24, 2008), *aff'd*, 327 F. App'x 516 (5th Cir. 2009); *see also Williams v. Barnhart*, 289 F.3d 556, 557–58 (8th Cir. 2002). Missing portions of transcripts can be grounds for reversal if material facts are omitted, if the missing content would bolster the plaintiff's claim, or if their absence prohibits any judicial review. *Williams*, 289 F.3d at 558; *McGlone v. Heckler*, 791 F.2d 1119, 1120 (4th Cir. 1986).

    Determining whether a record provides for "meaningful judicial review" is a fact-intensive inquiry. Varied record omissions have led to varied outcomes in other cases. If the record omits the plaintiff's testimony, but the plaintiff does not allege the ALJ inaccurately summarized it, courts often find an adequate record. *Bates*, 2008 WL 4367287, at *2. And if gaps in the record are small and sporadic, and the court can easily infer the missing content from context, the court should not reverse because the omissions are *de minimis*. *See McGlone*, 791 F.2d at 1119; *Ward v. Heckler*, 786 F.3d 844, 848 (8th Cir. 1986). Even if the transcript is missing testimony or the record is missing documents, but still includes other documents that support the ALJ's conclusion, substantial evidence exists on the record, and reversal is not proper. *McGlone*, 791 F.2d at 1120; *see also Quintanilla v. Astrue*,

619 F. Supp. 2d 306, 325–26 (S.D. Tex. 2008); *Wilkins v. Colvin*, No. A–14–CV–00160, 2015 WL 3936141, at *11 (W.D. Tex. June 26, 2015); *Young v. Colvin*, No. 3:13–CV–03489–M, 2014 WL 4851565, at *33 (N.D. Tex. Sept. 30, 2014). Similarly, omissions from the vocational expert witness's cross-examination are permissible where substantial evidence otherwise exists on the record, and the ALJ opinion specifically discusses and discredits the hypotheticals. *See Andres v. Bowen*, 870 F.2d 453 (8th Cir. 1989).

On the other hand, "meaningful judicial review" of a record cannot occur where crucial portions of the record are missing or illegible. *Cutler v. Weinberger*, 516 F2d. 1282, 1285–86 (2d Cir. 1975); *see also Dudley v. Astrue*, 246 F. App'x 249, 251–52 (5th Cir. 2007). When the Commissioner provides transcripts lacking the "critical colloquies" relied on and necessary for the ALJ's determination, the record is inadequate. *Pinter v. Astrue*, No. 3:11–CV–417, 2012 WL 4468525, at *12–13. (S.D. Miss. 2012) (finding that the vocational expert's inaudible testimony inadequate). Indeed, the court cannot determine whether substantial evidence supports the ALJ's decision where integral expert testimony is missing from the transcript. *Powers v. Colvin*, No. 3:13-cv-061-SAA (N.D. Miss. Oct. 23, 2013) (reversing because of lack of vocational expert's testimony).

This Court does not have an adequate record to determine whether substantial evidence supports the ALJ's decision. And therefore, the Court cannot conduct "meaningful judicial review" of the present record. Contrary to the Magistrate Judge's holding, the record transcript lacks crucial and necessary

5

testimony to determine whether Brown can perform any other work necessary in the economy under step 5 in 20 C.F.R. §§ 404.1520 and 416.920. In his denial of disability, the ALJ apparently relied exclusively on the vocational expert's testimony to establish both that Brown could perform the jobs of routing clerk, housekeeper, or order caller and that a sufficient number of those jobs exist in the economy. [12] at 21–22. No discussion of these occupations is in the transcript, without which the ALJ has no evidence to base his decision. [12] at 47–48 (the ALJ deciding to go off record for the vocational expert testimony).

Brown's case is distinguishable from the cases cited in the Report. Here, nothing in the record duplicates or supplements the facts testified to by the vocational expert like in *McGlone*, *Quintanilla*, *Wilkins*, or *Young*. Nor are the missing portions small and easily inferable from the surrounding testimony like in *Ward*. Instead, the central evidentiary portions of the vocational expert's testimony are absent from the record. Had the ALJ not heard expert testimony, he could not determine Brown's ability to find other employment. Because the Court lacks this crucial testimony, it cannot verify that substantial evidence supports the ALJ's determination.

The ALJ's conclusory recount of the vocational expert's testimony is not curative for the Court's purposes. Section 405(g) independently requires the Commissioner to provide a record with "the evidence upon which the findings and decision complained of are based." While expert testimony the ALJ received is a part of the record before him, it is not part of the record before this Court for

purposes of judicial review. The entire vocational expert's testimony is missing from the transcript, and there is no duplicative record evidence to support the ALJ's finding. Thus, the Court cannot conduct meaningful review for substantial evidence and finds remand proper for adequate development of the record.

IV.   Conclusion

For these reasons, Brown's Objection to the Report as to the missing transcript is sustained. The Report [20] is overruled, Brown's Motion for Summary Judgment is granted [13], the government's Motion to Affirm [16] is denied. The Commissioner's final decision is reversed, and this case is remanded to the Social Security Administration for a new hearing.

A separate Final Judgment will issue this day.

SO ORDERED, this the 27th day of August, 2021.

s/ *Kristi H. Johnson*  
UNITED STATES DISTRICT JUDGE